IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD PAUL BREWER, | § | |
|     ID # 29311-180, | § | |
|         Movant, | § | |
| | § | No. 3:22-CV-2318-B-BK |
| v. | § | No. 3:19-CR-630-B(7) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|         Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, the *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 18) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Donald Paul Brewer (Movant) challenges his federal conviction and sentence in Cause No. 3:19-CR-630-B(7). The respondent is the United States of America (Government).

**A.**     <u>Conviction and Sentencing</u>

In a multi-defendant, 27-count superseding indictment, Movant was charged with one count of possession with intent to distribute a controlled substance. (*See* doc. 19 at 7.)[1] He pled guilty to the charged count under a plea agreement. (*See* docs. 418, 585.)

For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR). (*See* doc. 649-1.) Based on drug quantities attributed to Movant, the PSR calculated a base offense level of 34, from which three levels were deducted for acceptance of responsibility, resulting in a total offense level of 31. (*See id.* at ¶¶ 21, 28-30.) Based

---

[1] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:19-CR-630-B(7).

on Movant's prior criminal history, the PSR computed a total criminal history score of 10, which established a criminal history category of V. (*See id.* at ¶ 52.) His total offense level of 31 and criminal history category of V resulted in a guideline imprisonment range of 168 to 210 months. (*See id.* at ¶ 87.) Movant filed objections to the PSR, and in an addendum addressing the objections, the USPO supported the PSR as written. (*See* docs. 701, 734-1.) The court sustained Movant's objection to certain drug quantities attributed to him, resulting in a reduced total offense level of 29 and a new guideline imprisonment range of 140 to 175 months. (*See* doc. 743.)

By judgment dated October 15, 2021, Movant was sentenced to 165 months' imprisonment, to be served consecutively to any sentences imposed in his unrelated state cases and to be followed by three years of supervised release. (*See* doc. 742.) Movant did not appeal.

B.   <u>Substantive Claim</u>

Movant's first § 2255 motion was received on October 12, 2022. (*See* No. 3:22-CV-2318-B-BK, doc. 1.) After the Government filed its response, Movant requested leave to amend his § 2255 motion. (*See id.*, docs. 10, 12, 16.) By order dated January 12, 2023, Movant's first motion to amend was denied without prejudice because it did not comply with local rules; the order also expressly warned Movant that any claims raised in a future § 2255 motion may be barred by the statute of limitations. (*See id.*, doc. 15.)

Movant's second motion to amend was granted, and his amended § 2255 motion was docketed on March 3, 2023. (*See id.*, docs. 17-18.) In the amended § 2255 motion, Movant asserts that counsel rendered ineffective assistance. (*See id.*, doc. 18.) The Government filed a response on May 3, 2023. (*See id.*, doc. 26.) Movant filed a reply on May 30, 2023. (*See id.*, doc. 27.)

2

## II.  SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his amended § 2255 motion, Movant contends that counsel was ineffective for not challenging his criminal history score calculation. (*See* No. 3:22-CV-2318-B-BK, doc. 18 at 1-3.) The Government contends that the claim is untimely and without merit. (*See id.*, doc. 26 at 4-6.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

3

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

### A. Timeliness

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). Movant's 1-year limitations period began to run on October 29, 2021, when the fourteen-day period to appeal his criminal judgment expired.[2] *See* 28 U.S.C. § 2255(f)(1);

---

[2] Section 28 U.S.C. § 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> The date on which the judgment of conviction becomes final;
> The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (1) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

*United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). His amended § 2255 motion is dated and was received after his limitations period expired on October 29, 2022. (*See* No. 3:22-CV-2318-B-BK, doc. 18.) For the first time in the amended § 2255 motion, Movant contended that his counsel rendered ineffective assistance. (*See id.*) His new claim is therefore untimely unless it relates back to his timely § 2255 motion, or he can demonstrate that equitable tolling or an exception to the limitations period applies.

Rule 15 of the Federal Rules of Civil Procedure provides for the relation back of amendments filed after the expiration of the limitations period to the date of the original pleading when the claim asserted in the proposed amended pleading arises out of the same conduct, transaction, or occurrence. *See* Fed. R. Civ. P. 15(c)(1); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (recognizing that Rule 15 applies in § 2255 proceedings). But, habeas claims do not automatically arise out of the same occurrence for purposes of Rule 15 merely because they arise out of the same trial and conviction. *See Mayle v. Felix*, 545 U.S. 644, 650, 661-64 (2005) (holding that an amended habeas petition under 28 U.S.C. § 2254 "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

Movant's timely § 2255 motion alleged an "[e]rror in calculation of criminal history in the PSR" and contended that the "criminal history category [was] calculated incorrectly by probation in the PSR." (No. 3:22-CV-2318-B-BK, doc. 1 at 4.) In his amended § 2255 motion, Movant

---

(2) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant does not argue any basis to show that his limitations period should be determined under subsections (2)-(4).

contends that trial counsel was ineffective because she "should have filed a formal objection to the PSR criminal history points." (*Id.*, doc. 18 at 2; *see also id.*, doc. 27 at 6-7.) He argues that because of his counsel's "failure to object my category remained at 5 with an offense level of 29[,]" and "[h]ad she appropriatly [sic] objected the court wouldve [sic] realized the issue and addressed it." (*Id.*, doc. 18 at 2; *see also id.*, doc. 27 at 7.)

Movant's original claim did not involve his counsel's performance or conduct at all, and his original and amended claims rely and are premised on distinct legal theories and standards – his original claim asserts that the USPO or the court erred in calculating his criminal history score, whereas his amended claim faults trial counsel for not objecting to the calculation. The merits of his ineffective assistance of counsel claim require consideration of facts that differ both in time and type from those applicable to his original claim. As a result, his amended claim does not relate back to his timely claim; and none of Movant's allegations are sufficient to show that equitable relief is warranted or that an exception to the limitations period applies. His sole ground for relief in the amended § 2255 motion is accordingly denied as untimely.

**B. Merits**

Even if the court were to assume for purposes of this motion only that Movant's claim was not untimely, it also fails on the merits. The crux of Movant's claim is that counsel should have challenged the calculation of his criminal history score on the basis that his 2014 state convictions for possession of a controlled substance in Case No. F-1440719 and evading arrest in Case No. MA-1441288, for which he received three and two criminal history points,[3] respectively, were part of a

---

[3] In relevant part, three criminal history points are added to a defendant's criminal history score for each qualifying prior sentence of imprisonment exceeding one year and one month, and two points are added for each qualifying prior sentences of imprisonment of at least sixty days that is not otherwise counted. *See* U.S.S.G. §§ 4A1.1(a), (b).

single criminal episode and therefore should have been treated as a single sentence under U.S.S.G. § 4A1.2. (*See* No. 3:22-CV-2318-B-BK, doc. 18 at 2; doc. 27 at 3-7.)

Section 4A1.2 of the sentencing guidelines provides definitions and instructions for computing a defendant's criminal history score based on his prior sentences. *See* U.S.S.G. § 4A1.2. When a defendant has multiple prior sentences, and the sentences were imposed for offenses that were not separated by an intervening arrest – as is the situation here – "prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). If either subsection (A) or (B) applies, the relevant prior sentences are treated as a single sentence. *See id.*

Here, as Movant admits that the state sentences at issue were not imposed on the same day, § 4A1.2(a)(2)(B) is clearly not satisfied. (*See* No. 3:22-CV-2318-B-BK, doc. 18 at 2; *id.*, doc. 27 at 4-5, 15-16.) But, according to Movant, the offenses were contained in the same charging instrument, such that § 4A1.2(a)(2)(A) applies. (*See* No. 3:22-CV-2318-B-BK, doc. 27 at 4-6.) He asserts that the two offenses "were absolutly [sic] <u>not</u> charged seperatly [sic][,]" "are 100% of the same charging instrument[,]" and "arrived in the same charging instrument." (*Id.*, doc. 27 at 5-6.)

Movant's conclusory allegations are refuted by the record. Regardless of the fact that the offenses were committed on the same date and resulted in a single arrest, the misdemeanor evading arrest offense was charged by complaint and information in Case No. MA-1441288 in May 2014. (*See* No. 3:22-CV-2318-B-BK, doc. 10 at 8-9); *see also Complaint-Information, State v. Brewer*, No. MA-1441288 (Cty. Crim. Ct. No. 7, Dallas Cty., May 13, 2014). His felony possession offense was separately charged by indictment in Case No. F-1440719 in June 2014. (*See* No. 3:22-CV-2318-B-BK, doc. 10 at 7); *see also Indictment, State v. Brewer*, No. F-1440719 (Crim. Dist. Ct. No. 6, Dallas

7

Cty., Tex. June 16, 2014). To the extent Movant relies on a purported partial record of his criminal history from the Texas Department of Public Safety to support his allegations, his efforts are unavailing; the record is neither a charging instrument nor does it show that the offenses were contained in the same charging instrument. (*See* No. 3:22-CV-2318-B-BK, doc. 27 at 5-6, 16-17.) Because the prior sentences of which Movant complains were not from offenses contained in the same charging document and were not imposed on the same day, they were properly counted separately under § 4A1.2. *See* U.S.S.G. § 4A1.2(a)(2). Movant therefore fails to identify a meritorious basis on which counsel could have challenged or objected to his criminal history score under § 4A1.2, and counsel is not deficient under the first prong of *Strickland* for failing to raise a meritless argument.[4] *See Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Moreover, even if counsel had performed deficiently, Movant fails to show resulting prejudice under the second prong of *Strickland*. In the sentencing context, this requires a showing that the alleged deficiency of counsel created a reasonable probability that Movant's sentence would have been less harsh. *See, e.g., Glover v. United States*, 531 U.S. 198, 200 (2001). As Movant recognizes, the PSR stated that the circumstances of the offenses at issue here were related; in identifying factors

---

[4] In his reply, Movant generally alleges that shortly before his limitations period expired, his former counsel told him he was right about the alleged miscalculation of his criminal history scores, she apologized to him, and she advised him to pursue collateral relief. (*See* No. 3:22-CV-2318-B-BK, doc. 27 at 2-3, 8.) Movant attempts to task the court with procuring evidence of his alleged exchanges with counsel to support his claim. (*See id.*) The burden rests with Movant to show entitlement to relief under § 2255. He has not satisfied this burden.

that could warrant a downward departure, the PSR explained that the offenses were related to a single arrest, one offense was in felony court while the other was in misdemeanor court, and Movant would have received 3 criminal history points and an ultimate criminal history category of IV (rather than V) if the offenses had been counted as a single sentence. (*See* doc. 649-1 at ¶¶ 50-51, 101; No. 3:22-CV-2318-B-BK, doc. 18 at 2; *id.*, doc. 27 at 3-4.) Accordingly, the undersigned as sentencing judge would have been aware of the circumstances of the prior sentences and their implications at sentencing. Movant provides no facts or evidence beyond conclusory allegations and speculation to show that his sentence would have been less harsh had counsel further challenged or objected to the criminal history score as alleged. Conclusory allegations are insufficient to establish *Strickland* prejudice. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). Because Movant fails to satisfy both *Strickland* prongs, he is not entitled to § 2255 relief, and the claim is denied on this additional basis.[5]

### IV.  EVIDENTIARY HEARING

Movant seeks an evidentiary hearing before this court on his claim. (*See* No. 3:22-CV-2318-B-BK, doc. 27 at 10.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent

---

[5] Movant's original § 2255 motion alleged that the USPO and the court misapplied the sentencing guidelines in calculating his criminal history score. (*See* No. 3:22-CV-2318-B-BK, doc. 1.) He did not raise this claim in his amended § 2255 motion. Even if he intended to continue to assert his original claim, and assuming it is not procedurally defaulted or barred by the terms of his plea agreement, he has not shown he would be entitled to habeas relief because challenges to the technical application of the sentencing guidelines are not cognizable in § 2255 motions, and because his claim is without merit for the reasons explained. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Accordingly, to the extent asserted here, his original claim is also denied.

9

indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claim, he has failed to demonstrate he is entitled to an evidentiary hearing.

## V.  CONCLUSION

For the foregoing reasons, Movant's *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 18) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 24th day of June, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE